IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALBERT G. HILL, III, | § | |
| Plaintiff, | § | |
| v. | § | 3:17-cv-0494-L |
| CRAIG WATKINS, ALBERT G. HILL, JR., LYDA HILL, ALINDA WIKERT, LISA BLUE BARON, CHARLA ALDOUS, STEPHEN MALOUF, MICHAEL LYNN, JEFFREY TILLOTSON, DONNA STRITTMATTER, STEPHANIE MARTIN, TERRI MOORE, HOYT HOFFMAN, MO BROWN, RANDALL THOMPSON, EDITH SANTOS, DAVID PICKETT, ALBERT HILL TRUST, TY MILLER, BRANCH BANKING & TRUST CO., IVAN IRWIN, JR., JUSTIN CAMPBELL, ROBIN HARRISON, JOHN DAGLEY, CAMPBELL, HARRISON & DAGLEY, LLP, and JOY WALLER, | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff Albert G. Hill, III's ("Hill, III" or "Plaintiff") Motion to Dismiss, filed October 24, 2017 (Doc. 143), in which Plaintiff requests that the court dismiss this action without prejudice. Defendants Jeffrey Tillotson and Michael Lynn have responded to the motion. *See* Jeffrey Tillotson's Resp. to Pl.'s Mot. to Dismiss (Doc. 147); Michael Lynn's Resp. to Pl.'s Mot. to Dismiss (Doc. 148). While not opposing dismissal, Defendants Tillotson and Lynn request that the court dismiss Plaintiff's claims with prejudice and award them attorney's fees and costs.

**Memorandum Opinion and Order - Page 1**

By voluntarily seeking to dismiss his claims against all Defendants, Hill, III necessarily invokes Federal Rule of Civil Procedure 41(a)(1). Rule 41(a)(1) provides that a plaintiff may voluntarily dismiss an action without court order in one of two ways. First, a plaintiff may dismiss an action by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). Second, a plaintiff may dismiss an action by filing "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). Further, unless the notice or stipulation states otherwise, "the dismissal is without prejudice." Fed. R. Civ. P. 41(a)(1)(B). "Rule 41(a)(1)(A)(i) means precisely what it says by stating that only the filing of an answer or motion for summary judgment terminates the plaintiff's unilateral right to dismiss the action by notice." *In re Amerijet Int'l, Inc.*, 785 F.3d 967, 973 (5th Cir. 2015) (citation and internal quotation marks omitted). That Hill, III did not mention Rule 41(a) and styled his document as a "motion," rather than a "notice," is "a distinction without a difference." *Williams v. Ezell*, 531 F.2d 1261, 1263 (5th Cir. 1976) (holding that plaintiffs' failure to cite Rule 41(a)(1) in their "motion to dismiss" was of no consequence when plaintiffs' intent to dismiss was apparent). Accordingly, the court construes and treats Hill, III's motion to dismiss as a notice of dismissal.

No answer or summary judgment motion has been served or filed by Defendants in this case. Plaintiff, therefore, has an "absolute right" to voluntarily dismiss his case, without prejudice, and without a court order under Federal Rule of Civil Procedure 41(a)(1)(A)(i). *Harvey Specialty & Supply, Inc. v. Anson Flowline Equip. Inc.*, 434 F.3d 320, 324 (5th Cir. 2005) (citation omitted). As noted by the Fifth Circuit, "'notice of dismissal is self-effectuating and terminates the case in and of itself; no order or other action of the district court is required.'" *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 291 (5th Cir. 2016) (quoting *In re Amerijet*, 785 F.3d at 973). Further, the court

**Memorandum Opinion and Order - Page 2**

"ha[s] no power or discretion to deny [Plaintiff's] right to dismiss or to attach any condition or burden to that right." *Id.* (citations and internal quotation marks omitted).

In their respective responses, Defendants Jeffrey Tillotson and Michael Lynn request attorney's fees and costs; however, neither cites any authority for the relief sought. *See* Def. Jeffrey Tillotson's Resp. to Pl.'s Mot. to Dismiss (Doc. 147); Def. Michael Lynn's Resp. to Pl.'s Mot. to Dismiss (Doc. 148). The authority found by the court holds that "voluntary dismissals do not deprive courts of the jurisdiction to award attorneys' fees." *Yesh Music v. Lakewood Church*, 727 F.3d 356, 363 and n.17 (5th Cir. 2013) (citing *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384 (1990) (A district court may award Rule 11 attorneys' fees even if the plaintiff voluntarily dismisses the action under Rule 41.)); *see also Bechuck*, 814 F.3d at 291-92 (quoting *Cooter*, 496 U.S. at 395-96) (Although a district court may not attach any conditions to a Rule 41(a)(1) dismissal, it "may consider collateral issues after an action is no longer pending[,]" including "the imposition of costs, attorney's fees, and contempt sanctions, [and] the imposition of a Rule 11 sanction[.]"). To the extent any defendant in this action seeks attorney's fees and costs, such defendant is required to file the appropriate motion with supporting authority and materials by **November 13, 2017**.

As Plaintiff's motion to dismiss must be construed as a voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i), by operation of law, Plaintiff has already dismissed his claims against Defendants **without prejudice** as of October 24, 2017. No further court action is required, as it would be superfluous and, thus, have no legal effect. The court **directs** the clerk of court to **dismiss without prejudice** this action and *terminate all pending motions to dismiss*.

**It is so ordered** this 30th day of October, 2017.

_____
Sam A. Lindsay
United States District Judge